1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   AARON BJORKSTRAND,                      No.  1:22-cv-00442-SKO (HC)

12                    Petitioner,            **ORDER DIRECTING CLERK OF COURT
                                             TO ASSIGN DISTRICT JUDGE**
13        v.
                                             **FINDINGS AND RECOMMENDATION
14   WARDEN, CSP/COR,                        TO SUMMARILY DISMISS PETITION**

15                    Respondent.            **[THIRTY DAY OBJECTION DEADLINE]**

16

17        Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus

18   pursuant to 28 U.S.C. §2254.  He filed the instant petition on April 15, 2022.  The petition does

19   not challenge the underlying conviction, and instead presents various claims concerning the

20   conditions of his confinement. For this reason, the Court will recommend it be DISMISSED.

21                                       **DISCUSSION**

22   A.        Preliminary Review of Petition

23        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

24   petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

25   entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

26   The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

27   habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

28   dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.

                                             1

1    2001).

2    B.      Civil Rights Claims

3            Petitioner does not challenge his conviction.  Rather, he complains that prison staff have

4    inflicted cruel and unusual punishment by failing to protect him from sexual assault, violence and

5    extortion by others.  (Doc. 1 at 5.) He further claims he has been denied basic mental health care.

6    (Doc. 1 at 5-6.)  Last, he claims he is being denied single-cell status.  (Doc. 1 at 6.)

7            A habeas corpus petition is the correct method for a prisoner to challenge the "legality or

8    duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser

9    v. Rodriguez, 411 U.S. 475, 485 (1973)).  In contrast, a civil rights action pursuant to 42 U.S.C. §

10   1983 is the proper method for a prisoner to challenge the conditions of confinement.  McCarthy v.

11   Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499.  Petitioner's civil rights claims

12   are not cognizable in a federal habeas action and must be dismissed.  Petitioner must seek relief

13   for his complaints by way of a civil rights action.

14           In Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016), the Ninth Circuit held that a

15   district court has the discretion to construe a habeas petition as a civil rights action under § 1983.

16   However, recharacterization is appropriate only if it is "amenable to conversion on its face,

17   meaning that it names the correct defendants and seeks the correct relief," and only after the

18   petitioner is warned of the consequences of conversion and is provided an opportunity to

19   withdraw or amend the petition.  Id. Here, the Court does not find recharacterization to be

20   appropriate. Petitioner does not name the proper defendants and the claims are not amenable to

21   conversion on their face.  Accordingly, the Court should not exercise its discretion to

22   recharacterize the action.

23           Therefore, the Court will recommend that the action be dismissed and the Clerk of Court

24   be directed to send Petitioner a blank civil rights complaint.

**ORDER**

26           IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a District

27   Judge to the case.

28

2

**RECOMMENDATION**

Based on the foregoing, the Court HEREBY RECOMMENDS that the habeas corpus petition be DISMISSED and the Clerk of Court be DIRECTED to provide Petitioner with a blank civil rights complaint form.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 19, 2022**                                  /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE